# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA,          )
                                   )
                                   )
v.                                 )          Case No. 3:08-CR-185–HEH
                                   )
JAMES S. LESANE,                   )
                                   )
          Defendant.               )

## MEMORANDUM OPINION
### (Denying Defendant's Motion to Vacate)

THIS MATTER is before the Court on Defendant's pro se Motion to Vacate (Dkt. 51)[1]

two pretrial rulings by a judge of this Court.[2]  Specifically, Defendant asks this Court to

vacate previous orders denying: 1) his Motion to Dismiss the Indictment (Dkt. 16), which

the Court denied on May 7, 2008, and 2) his Motion to Suppress (Dkt. 20), which the

Court denied on June 19, 2008 (Dkt. 28).[3]

---

[1] Defendant presents this Motion under Rule 60(B)(2)(3) of the Federal Rules of Civil Procedure and under Rule 52(B) of the Federal Rules of Criminal Procedure. In the body of his motion, Defendant also references Federal Rule of Criminal Procedure 33. Because this is a criminal case, the Court will disregard Defendant's reference to Rule 60(B)(2)(3). Construing this pro se Motion as broadly as possible, the Court will evaluate it as a request for a new hearing under Rule 33 of the Federal Rules of Criminal Procedure.

[2] This case was initially assigned to District Judge James R. Spencer, who disqualified himself as the Presiding Judge on February 17, 2009 (Dkt. 55). The case was then reassigned to District Judge Richard L. Williams, who recused himself on February 18, 2009 (Dkt. 56). Finally, this matter was reassigned to the undersigned judge.

[3] Judge Spencer explained his reasoning in a thorough Memorandum Opinion issued on July 3, 2008.

## I.

On June 30, 2008, Defendant pled guilty to Count One of the Indictment, which charged him with conspiracy to possess with the intent to distribute fifty (50) grams or more of cocaine base. However, Defendant's plea agreement specifically reserved his right to appeal the denial of his Motion to Suppress. Defendant subsequently appealed the denial of his Motion to Suppress to the Fourth Circuit on October 2, 2008 (Dkt. 47). Despite the pending appeal, Defendant filed this Motion alleging the existence of "newly discovered facts" which, he argues, reveal fraud and misconduct by one of the government's witnesses, a "Deputy Taylor", at the hearing on his Motion to Suppress and Motion to Dismiss.

Defendant now seems to seek a new hearing on his Motions pursuant to Federal Rule of Criminal Procedure 33, alleging that evidence recently obtained via discovery in a related civil suit reveals that Officer Taylor perjured himself when he testified on behalf of the United States regarding the traffic stop that led to Defendant's arrest. Specifically, Defendant claims that in the civil suit, "Deputy Taylor and his employer both admitted that the 12-4-07 surveillance of the defendant's home, which lead to the stop, was not for any female fugitive as deputy taylor [sic] stated while under oath." Def.'s Mot. at 2. According to Defendant, this statement contradicts Officer Taylor's initial testimony that his surveillance of Defendant's home focused on a "female fugitive" and that the traffic stop which led to the discovery of evidence against Defendant was not an attempt to

2

target Defendant. Def.'s Mot. at 2.

In support of his Motion, Defendant has submitted only an unauthenticated copy of what appears to be a police report from the night Defendant was arrested by Officer Taylor.[4] This police report, however, merely details the circumstances of the traffic stop that led to Defendant's arrest and does not contradict Taylor's prior testimony at the preliminary hearing. In response, the Government has submitted the sworn affidavit of Officer Taylor that was filed in connection with the civil matter, in which Officer Taylor confirms that he and Deputy Curtis "marked out at Meadowview Drive and Hillside Drive in regards to a wanted person by the name of Heather Webb" on the date of the traffic stop before stopping a vehicle in which Defendant was a passenger.  Gov. Mot. Ex. A at ¶ 6.  The Government argues that Officer Taylor's affidavit is consistent with his testimony at the suppression hearing, notwithstanding Defendant's contentions.  Gov. Mot. at 4.

## II.

Defendant now requests a new hearing and the opportunity to present this additional evidence to the Court.  The first question before the Court is whether it retains jurisdiction to consider Defendant's Motion despite Defendant's pending appeal to the Fourth Circuit.  The procedure for addressing a post-trial Rule 33 motion filed by a defendant with the trial court while the case is simultaneously pending on direct appeal is laid out in both *United States v. Cronic*, 466 U.S. 648 (1984), and *Fobian v. Storage*

---

[4]This document was submitted by Defendant together with a "Motion to Supplement" on March 21, 2009.

*Technology Corp.*, 164 F.3d 887 (4th Cir. 1999).  In *Cronic*, the district court denied the

defendant's post-trial Rule 33 motion "for lack of jurisdiction because the case was

pending on direct appeal at that time." *Cronic*, 466 U.S. at 667 n. 42.  The Supreme

Court noted, however, that the district court erred and explained that "[t]he District Court

had jurisdiction to entertain the motion and either deny the motion on its merits, or certify

its intention to grant the motion to the Court of Appeals, which could then entertain a

motion to remand the case." *Id.*; *see also Fobian*, 164 F.3d at 891.  Accordingly, this

Court retains jurisdiction to consider Defendant's Rule 33 Motion despite his pending

appeal to the Fourth Circuit.

### III.

### A.

Defendant first asks the Court to vacate the order denying his Motion to Dismiss

the Indictment.  Initially, Defendant sought dismissal of his case pursuant to 18 U.S.C. §

3161, claiming that the Indictment was not filed within the 30-day time limit prescribed

by § 3161(b).  According to Defendant, the 34 days spent negotiating the plea agreement

should not have been excluded from the 30-day timetable of § 3161(b).  As Judge

Spencer explained, however, Defendant's challenge to the timing of the Indictment failed

because the 34-day period that Defendant's attorney was engaged in plea negotiations

with the Government was excluded under 18 U.S.C. § 3161(h), which extends §

3161(b)'s 30-day time limit.  Mem. Op. at 1-3.

4

Defendant now claims that "newly discovered facts [show] that the indictment was obtained via false info & testimony of arresting officers." Def.'s Mot. at 1. As an initial matter, this new evidence–assuming for the purposes of analysis that it is true–changes nothing in Judge Spencer's original analysis since it does not impact the timing of the Indictment. Accordingly, the Court concludes that Defendant's arguments do not demonstrate that he is entitled to a new hearing on whether his Indictment violates 18 U.S.C. § 3161.

Defendant's vague Motion could also be construed as challenging the reliability of the evidence presented to the grand jury to obtain Defendant's Indictment.[5] But "the mere fact that evidence is unreliable is not sufficient to require a dismissal of the indictment." *United States v. McDonald*, 61 F.3d 248, 252 (4th Cir. 1995) (overruled on other grounds in *United States v. Wilson*, 205 F.3d 720 (4th Cir. 2000)). Additionally, even if Officer Taylor's testimony regarding the purpose of the surveillance was false, as Defendant alleges, Judge Spencer's earlier findings of fact, detailed in his Memorandum Opinion, reveal more than sufficient facts from which the Grand Jury could have found probable cause to indict the Defendant.

By pleading guilty to Count One of the Indictment, Defendant also admitted that he committed the crime charged against him and therefore waived his right to challenge the validity of the Indictment. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

---

[5] There is no indication that Officer Taylor even testified before the Grand Jury.

5

Accordingly, Defendant cannot now raise a claim that he was deprived of certain

constitutional rights prior to pleading guilty. *See id.* For these reasons, Defendant's

Motion to Vacate the Court's ruling on the Motion to Dismiss is denied.

### B.

Defendant also seeks to vacate the Court's Order denying his Motion to

Suppress–the decision that Defendant specifically reserved the right to appeal in the Plea

Agreement. Rule 33 enables the Court to "vacate any judgment and grant a new trial if

the interest of justice so requires." Fed. R. Crim. P. 33. The Fourth Circuit uses a five-

part test to evaluate Rule 33 motions based on newly discovered evidence, and will grant

a motion for a new trial if: 1) the evidence is newly discovered, 2) the court may infer due

diligence on the part of the movant in discovering the evidence, 3) the evidence is not

merely cumulative or impeaching, 4) the evidence is material to the issues, and  5) the

evidence would probably result in an acquittal at a new trial. *United States v. Chavis*, 880

F.2d 788, 793 (4th Cir. 1989).  The defendant must establish each of these five elements,

but if the new evidence does not weigh heavily against the verdict, making it unjust to

enter judgment, the Court will not grant a new trial. *See United States v. Campbell*, 977

F.2d 854, 860 (4th Cir. 1992).

Defendant alleges that new evidence undermines the credibility of Officer Taylor

because it suggests that he offered perjured testimony at the suppression hearing.  But

"newly discovered evidence that merely goes to impeach the credibility of a prosecution

witness does not ordinarily warrant the granting of a new trial." *United States v. Atkinson*, 429 F. Supp. 880, 885 (E.D. N.C. 1977); *see also United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir. 1993). Accordingly, this "merely impeaching" evidence that merely relates to a collateral issue is insufficient to justify a new hearing. *See Custis*, 988 F.2d at 1359.

Aside from vague allegations of supposedly contradictory testimony, Defendant also has failed to produce any evidence to support his claim that Officer Taylor perjured himself. Although Defendant does reference a civil suit against Officer Taylor and includes a letter from a third party that mentions documents that are supposedly in the possession of his attorney, these uncorroborated references do not provide a credible support for Defendant's Motion. And the police report submitted by Defendant along with his Motion to Supplement does not contradict Officer Taylor's earlier testimony. By contrast, Officer Taylor's affidavit, submitted by the Government in response to Defendant's Motion, is completely consistent with his previous testimony at the suppression hearing, suggesting that Defendant's allegations are unfounded. Defendant therefore fails to satisfy the third element of the five-part test, since Defendant's new "evidence" is at best merely impeaching and likely simply irrelevant.

Even assuming Defendant's allegations to be true, Defendant cannot meet the fourth requirement of the five-part test because the allegedly false information is immaterial to the analysis of Defendant's Motion to Suppress. As Judge Spencer made

clear in his Memorandum Opinion of July 3, 2009, the traffic violation observed by the officers on December 4, 2007 gave Officer Taylor independent probable cause to stop Defendant's vehicle, regardless of whom the officers previously were targeting in their surveillance. Since an officer's subjective motives are irrelevant when determining the constitutional reasonableness of a traffic stop, Defendant has suffered no Fourth Amendment violation. Mem. Op. at 8; *see also Whren v. United States*, 517 U.S. 806, 813 (1996). Thus, even if Defendant could prove that he was the target of the initial surveillance as he has alleged in the present motion, the traffic violation gave Officer Taylor probable cause to stop the vehicle. *See United States v. Jackson*, 235 F. App'x 155, 156 (4th Cir. 2007) (unpublished) ("Observation of any traffic violation, no matter how minor, gives an officer probable cause to stop the driver.").

Finally, there is nothing to suggest that Defendant's newly discovered evidence would probably result in acquittal at a new trial, as this was a broad-ranging drug distribution conspiracy consisting of more than the specific surveillance and traffic stop conducted by Officer Taylor. Reviewing the evidence previously considered by Judge Spencer and Defendant's new Rule 33 Motion, the Court concludes that Defendant has failed to show that this alleged perjury on the part of Officer Taylor would result in the Court granting his Motion to Suppress, much less an acquittal after a new trial. Defendant therefore fails to establish the fifth element of the five-part test. Accordingly, his Motion to Vacate the denial of his Motion to Suppress is denied as well.

8

## IV.

For the reasons detailed herein, Defendant has failed to demonstrate that he is entitled to a new hearing on either his Motion to Dismiss the Indictment or his Motion to Suppress. Defendant's Rule 33 Motion to Vacate (Dkt. 51) is therefore denied.

An appropriate order will accompany this Memorandum Opinion. The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the Defendant and all counsel of record.

_____ /s/ _____
Henry E. Hudson
United States District Judge

Date: **April 1, 2009**
Richmond, VA

9