IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:08cr185

JAMES STEVEN LESANE

**MEMORANDUM OPINION**

James Steven Lesane, proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (Docket No. 99.) In his § 2255 Motion, Lesane asserts the following grounds for relief:

| | |
|---|---|
| Claim One | Deprivation of a fair suppression hearing due to perjury of government witness[.] |
| Claim Two | Ineffective assistance of counsel due to perjury & breach of plea agreement. Counsel Sumpter knew of the Government's perjury and breach and hid it from the Court. |
| Claim Three | Perjured testimony constitute[s] breach of plea agreement. |
| Claim Four | Abuse of discretion & deprivation of Faretta rights. |

(§ 2255 Mot. 5, 6, 8, 9.)[1] Additionally, Lesane has moved to amend his § 2255 Motion to add a fifth claim. The Motion to Amend § 2255 Motion (Docket No. 128) will be granted. In the

---

[1] The Court has corrected the capitalization in the quotations to Lesane's submissions.

Motion to Amend § 2255 Motion, Lesane raises the following claim:

> Claim Five    The Government violated the "Brady Rule" when Officer Taylor committed perjury & suppressed the truth pertaining to the nature of his initial surveillance of Petitioner's home, from the Petitioner.

(Mot. Am. § 2255 Mot. 20.)

The Government has responded that Lesane's claims must be dismissed because they either are procedurally barred or lack merit. Lesane has responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

On April 21, 2008, the Government charged Lesane in a one-count indictment alleging conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of a mixture and substance containing detectable amounts of cocaine base. Because the majority of Lesane's claims involve attempts to relitigate his Motion to Suppress evidence seized on December 4, 2007, it is appropriate to begin with a recitation of the pertinent law and facts that led the Court to deny the motion:[2]

> On December 4, 2007, Lesane and his wife, Jaime Coleman, were at their residence located in Spotsylvania County, Virginia. On that same date, Brittany Coleman visited the residence to obtain DVDs

---

[2] The Court has corrected the spelling of Lesane's wife's first name.

from her sister Jaime Coleman. When Brittany left the residence, police officers stopped her vehicle. The officers inquired about two fugitives that the officers suspected were in the home. Officer Taylor instructed Coleman to leave and not to call back to the residence. Nonetheless, when Brittany arrived home, she contacted her sister and informed Jaime that police officers were watching the house and that it probably would be best if she left the residence. Jaime, Lesane, Sherry Hickman, and Ralph Minter left the residence in Hickman's vehicle. Subsequently, the same officers stopped the vehicle for failure to stop at a stop sign. Lesane denies that the vehicle failed to stop asserting that the vehicle was proceeding cautiously because of Brittany's warning. As such, Lesane argues that the stop was pretextual as the officers clearly had other motives for stopping the vehicle.

In [United States v. ]Hassan El, [5 F.3d 726 (4th Cir. 1993),] the defendant argued that the police used a minor traffic violation as a pretext to conduct a stop of his vehicle and to search, without justification, for more serious criminal activity. [Id.] Addressing the pretextual stop issue, the Fourth Circuit adopted an objective standard, which relies solely on the objective facts and circumstances surrounding the stop, because "such an approach minimizes inquiry into a police officer's state of mind." [Id.] Thus, regardless of the fact that the officer would not have made the stop but for some hunch or inarticulable suspicion of other criminal activity, the stop remains valid because the traffic violation gave the officer probable cause. Id.; see also United States v. Jackson, 235 F. App'x 155, 156 (4th Cir. 2007) (unpublished) ("Observation of any traffic violation, no matter how minor, gives an officer probable cause to stop the driver.")

Although Lesane asserts that the driver stopped at the stop sign, the Court finds Officer Christopher Taylor's testimony to the contrary credible. Because the traffic violation gave Officer Taylor probable cause to stop the vehicle, there is no Fourth Amendment violation regardless of whether the officers had other ulterior motives for stopping Lesane. See id.; Whren v. United States, 517 U.S. 806, 813 (1996) (holding that the constitutional reasonableness of

traffic stops does not depend on the actual motivations of the individual officers involved - "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis").

United States v. Lesane, No. 3:08CR185, 2008 WL 2662052, at *4 (E.D. Va. July 3, 2008) (fourth alteration in original).

After the Court denied Lesane's Motion to Suppress, Lesane entered into a plea agreement with the Government. Lesane agreed to plead guilty to the Indictment. The Plea Agreement preserved Lesane's right to appeal the denial of the Motion to Suppress. (Plea Agreement ¶ 6.) On September 29, 2008, the Court sentenced Lesane to 140 months of imprisonment.

Lesane appealed, inter alia, the Court's denial of his Motion to Suppress with respect to the December 4, 2007 traffic stop in Spotsylvania County. United States v. Lesane, 361 F. App'x 537, 538 (4th Cir. 2010). The United States Court of Appeals for the Fourth Circuit affirmed this Court's decision with respect to the denial of Lesane's Motion to Suppress. Id. at 539.

On January 12, 2009, the Court received a Motion to Vacate wherein Lesane challenged, among other things, the denial of his Motion to Suppress. By Memorandum Opinion and Order entered on April 1, 2009, the Court denied Lesane's Motion to Vacate.

## II. CLAIMS BARRED FROM REVIEW

The Government correctly notes that, absent a showing of cause and prejudice or actual innocence, Claims One, Three, and Four are barred from review here because Lesane could have, but did not, raise them on direct appeal. See Bousley v. United States, 523 U.S. 614, 622-23 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982). Lesane contends that the ineffective assistance of appellate counsel, which is set forth in Claim Two, constitutes cause to excuse his default of Claim One. (§ 2255 Mot. 5.) Lesane has not set forth any basis for excusing his default of Claims Three and Four. (See id. at 8, 10.) Accordingly, Claims Three and Four will be dismissed. Additionally, because the Court rejects Lesane's assertion of cause set forth in Claim Two, see infra Part III, Claim One will be dismissed.

The Court notes that Claim Five should also be barred from review here due to Lesane's failure to raise that claim on direct appeal. Because the Government has not responded to Claim Five, the Court will proceed to address the merits of that claim.

## III. ANALYSIS

To demonstrate ineffective assistance of counsel, a defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In Claims One, Two and Five, Lesane contends that Officer Taylor lied at the suppression hearing. Specifically, Lesane contends:

> The perjured testimony of Deputy Taylor which was relied on by this Court deprived the Petitioner of a

fair suppression hearing by preventing him from making his "pretext traffic stop" defense, due to perjured testimony.

When the Petitioner argued that the initial 12-4-07 surveillance of his home was the beginning of Deputy Taylor's hunt for him, that it lead [sic] to the subsequent-related traffic stop and that both the surveillance of his home and the traffic stop was for him, and was opposed and defeated by perjured testimony of Deputy Taylor who lied and stated that his initial surveillance of the Petitioner's home was for a female fugitive, while knowing that it was not, stating that only to make it seem as if the traffic stop was unplanned, in order to oppose the Petitioner's theory that it was planned, starting at his home, the Petitioner was deprived of the right to present a meritorious defense and have a fair suppression hearing.

(Mem. Supp. § 2255 Mot. 6-7.) The crux of Lesane's argument is that, on December 4, 2007, Deputy Taylor always was focused on finding Lesane.[3] Lesane contends that Deputy Taylor's testimony that he was watching Lesane's residence, looking for female fugitives, was a lie.

---

[3] In support of his contention that Deputy Taylor lied, Lesane directs the Court to several documents that he obtained during a civil suit against Deputy Taylor filed in state court, including an affidavit from Deputy Taylor (Mem. Supp. § 2255 Mot. Ex. A), a response to Lesane's interrogatories (id. Ex. B), and an Incident Report, apparently from the Spotsylvania Sheriff's Office (id. Ex. C). Contrary to Lesane's assertions, the foregoing submissions do not demonstrate that Deputy Taylor testified untruthfully when Deputy Taylor stated he initially watched Lesane's residence on December 4, 2007 in the hopes of arresting one or two female fugitives. Taylor's affidavit repeats this assertion. (Id. Ex. A ¶¶ 6, 8.) Neither the response to the interrogatories nor the Incident Report shed any light on Deputy Taylor's motives for watching Lesane's residence.

7

Lesane simply has not shown Deputy Taylor testified falsely in this regard. The record reflects that, after Lesane's arrest, Deputy Taylor found the female fugitives he was seeking in Lesane's home. (June 19, 2008 Tr. 49.) Moreover, Lesane cannot demonstrate that Deputy Taylor lacked probable cause to stop the car in which Lesane was a passenger. As the Court stated in denying a prior Motion to Vacate by Lesane,

> Judge Spencer made clear . . . the traffic violation observed by the officers on December 4, 2007 gave Officer Taylor independent probable cause to stop [Lesane's] vehicle, regardless of whom the officers previously were targeting in their surveillance. . . . Thus, even if [Lesane] could prove that he was the target of the initial surveillance as he has alleged in the present motion, the traffic violation gave Officer Taylor probable cause to stop the vehicle. See United States v. Jackson, 235 F. App'x 155, 156 (4th Cir. 2007) (unpublished) ("Observation of any traffic violation, no matter how minor, gives an officer probable cause to stop the driver.").

(Mem. Op. entered Apr. 1, 2009, at 7-8.)

Counsel reasonably eschewed pursuing Lesane's flimsy claim that Deputy Taylor committed perjury at the suppression hearing or that such perjury violated the Plea Agreement.[4] Lesane fails

---

[4] Lesane states, "The perjured testimony was definitely in violation of the requirements of term 11(a) of the Plea Agreement." (Mem. Supp. § 2255 Mot. 12.) The cited portion of the Plea Agreement, however, does not support Lesane's argument. Rather, it provides, "The defendant agrees to testify truthfully and completely at any grand juries, trials or other proceedings." (Plea Agreement ¶ 11(a).)

to demonstrate that counsel acted deficiently by declining the arguments Lesane urges here. Nor has Lesane demonstrated a reasonable probability of a different result with respect to the suppression hearing or a motion to withdraw his plea had counsel pursued the frivolous claims Lesane urges here. Accordingly, Claim Two will be dismissed.

In Claim Five, Lesane recasts his assertion that Deputy Taylor lied at the suppression hearing as a violation of Brady v. Maryland, 373 U.S. 83 (1963).[5] Brady and its progeny "require[ ] a court to vacate a conviction and order a new trial if it finds that the prosecution suppressed materially exculpatory evidence." United States v. King, 628 F.3d 693, 701 (4th Cir. 2011). Accordingly, in order to obtain relief under Brady a litigant must "(1) identify the existence of evidence favorable to the accused; (2) show that the government suppressed the evidence; and (3) demonstrate that the suppression was material." Id. (citing Monroe v. Angelone, 323 F.3d 286, 299 (4th Cir. 2003)). Lesane fails to demonstrate that the prosecution suppressed evidence with respect to the

---

[5] In support of his Brady claim, in addition to previously mentioned evidence, see supra footnote 3, Lesane attaches his own affidavit wherein he represents that his wife, Jaime Coleman, told him that she had set him up on December 4, 2007. Given that Ms. Coleman told Lesane about her alleged involvement with the police prior to his suppression hearing, Lesane cannot claim this information was suppressed.

object of Deputy Taylor's surveillance on December 4, 2007 or that such evidence was material. Accordingly, Claim Five will be dismissed.

## IV. OUTSTANDING MOTIONS AND CONCLUSION

The § 2255 Motion (Docket No. 99) will be denied. Lesane fails to demonstrate entitlement to relief with respect to any of the motions related to his § 2255 Motion. Accordingly, Lesane's Motion for an Evidentiary Hearing (Docket No. 101), Motion for Discovery (Docket No. 107), Motion for Release on Bail (Docket No. 108), Motion for Sanctions (Docket No. 111), Motion for Default Judgment (Docket No. 115), Motion for Reconsideration (Docket No. 117) and Motion for Summary Judgment (Docket No. 119) will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to

proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Lesane has not satisfied this standard. Accordingly, the Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Lesane and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: December 12, 2012
Richmond, Virginia