IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:08cr185

JAMES STEVEN LESANE

MEMORANDUM OPINION

James Steven Lesane, proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (ECF No. 99.) Lesane asserted the following grounds for relief:

| | |
|---|---|
| Claim One | Deprivation of a fair suppression hearing due to perjury of government witness[.] |
| Claim Two | Ineffective assistance of counsel due to perjury & breach of plea agreement. Counsel Sumpter knew of the Government's perjury and breach and hid it from the Court. |
| Claim Three | Perjured testimony constitute[s] breach of plea agreement. |
| Claim Four | Abuse of discretion & deprivation of Faretta rights. |
| Claim Five | The Government violated the "Brady Rule" when Officer Taylor committed perjury & suppressed the truth pertaining to the nature of his initial surveillance of Petitioner's home, from the Petitioner. |

(§ 2255 Mot. 5, 6, 8, 9; Mot. Am. § 2255 Mot. 20.)[1]

---

[1] The Court has corrected the capitalization in the quotations to Lesane's submissions.

By Memorandum Opinion and Order entered on December 13, 2012, the Court denied Lesane's § 2255 Motion. United States v. Lesane, No. 3:08cr185, 2012 WL 6214424, at *4 (E.D. Va. Dec. 13, 2012). As pertinent here, the Court dismissed Claim One as procedurally defaulted for failing to raise it at trial and on direct appeal. Id. at *2. The matter is before the Court on Lesane's Motion to Reconsider under Federal Rule of Civil Procedure 59(e) (ECF No. 137) and Application for a Certificate of Appealability (ECF No. 135).

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Here, Lesane contends that the Court committed a clear error of law by dismissing Claim One as procedurally defaulted. Lesane asserts the Government failed to raise this defense with respect to Claim One. Lesane is incorrect. Although the Government primarily asserted that the Court should not review Claim One because the Fourth Circuit had

2

decided that claim on direct review, the Government alternatively raised the issue of procedural default with respect to that claim. (Gov't's Resp. to Pet'r's § 2255 Pet. 11 ("Each of the grounds presented in the Petitioner's motion . . . was previously litigated on direct appeal or . . . is based on evidence or a legal theory that was available on direct appeal and is thus barred by procedural default." (citations omitted).) Accordingly, Lesane's Motion to Reconsider (ECF No. 137) will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Lesane has not satisfied this standard. Accordingly, Lesane's Application for a COA (ECF No. 135) will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Lesane and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: June 12, 2013
Richmond, Virginia