IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:08cr185

JAMES STEVEN LESANE

MEMORANDUM OPINION

By Memorandum Opinion and Order entered on December 13, 2012, the Court denied a 28 U.S.C. § 2255 motion from James Steven Lesane. United States v. Lesane, No. 3:08cr185, 2012 WL 6214424, at *4 (E.D. Va. Dec. 13, 2012). In that motion, Lesane demanded relief upon the following grounds:

| | |
|---|---|
| Claim One | Deprivation of a fair suppression hearing due to perjury of government witness[.] |
| Claim Two | Ineffective assistance of counsel due to perjury & breach of plea agreement. Counsel Sumpter knew of the Government's perjury and breach and hid it from the Court. |
| Claim Three | Perjured testimony constitute[s] breach of plea agreement. |
| Claim Four | Abuse of discretion & deprivation of Faretta rights. |
| Claim Five | The Government violated the "Brady Rule" when Officer Taylor committed perjury & suppressed the truth pertaining to the nature of his initial surveillance of Petitioner's home, from the Petitioner. |

(§ 2255 Mot. 5, 6, 8, 9, ECF No. 99; Mot. Am. § 2255 Mot. 20, ECF No. 128.)[1] As pertinent here, the Court dismissed Claim One because Lesane could have, but failed to raise, Claim One on direct review. See Lesane, 2012 WL 6214424, at *2. Additionally, the Court rejected Lesane's contention that the ineffective assistance of counsel constituted cause to excuse his default of Claim One. Id.

On November 4, 2013, the Court received a motion from Lesane invoking Rules 60(b)(1)&(3) of the Federal Rule of Civil Procedure and challenging the dismissal of Claim One. Specifically, Lesane contends that "the denial of petitioner's § 2255 motion due to 'procedural default' . . . was/would be a 'mistake' or 'fraud,' because the petitioner not only raised the perjury issue in Claim One . . . on numerous occasions on appeal . . . ." (Rule 60(b) Mot. 5, ECF No. 152.)

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she]

---

[1] The Court has corrected the capitalization in the quotations from Lesane's submissions.

2

then must satisfy one of the six specific sections of Rule 60(b)." Id. (citing Werner, 731 F.2d at 207). As pertinent here, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect . . .
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

Fed. R. Civ. P. 60(b). Furthermore, a litigant cannot use Rule 60(b) simply to request "reconsideration of legal issues already addressed in an earlier ruling." CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995) (citing United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982)).

Lesane's Rule 60(b) Motion is simply an improper request for reconsideration of a legal issue already rejected. Id. The Court properly found Claim One was defaulted. Moreover, as explained previously, his underlying claim of perjury lacks merit. Lesane, 2012 WL 6214424, at *3 ("Lesane simply has not shown Deputy Taylor testified falsely . . . ."). Thus, Lesane fails to satisfy the threshold requirement of demonstrating that he has a meritorious claim. Additionally, as explained below, Lesane cannot satisfy the requirements of 60(b)(1) or 60(b)(3).

"'Rule 60(b)(1) motions asserting legal mistake as a ground for relief must be filed before the time to appeal ha[s]

3

elapsed.'" Tully v. Johnson, No. 3:10CV299, 2012 WL 1259102, at *1 (E.D. Va. Apr. 13, 2012) (quoting Johnson v. Kelly, Nos. 3:10CV086, 3:07CV731, 2010 WL 1172646, at *1 (E.D. Va. Mar. 23, 2010)); cf. In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) ("A Rule 60(b) motion may not substitute for a timely appeal." (citing Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989))). Because Lesane filed his Rule 60(b) Motion well after the time to file an appeal expired, Rule 60(b)(1) does not apply.

Furthermore, Rule 60(b)(3) requires a movant "to 'prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claims.'" Shanklin v. Seals, 461 F. App'x 313, 315 (4th Cir. 2012) (quoting McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991))). Lesane simply has not demonstrated any misconduct and his claim has had a full and fair adjudication. Thus, Lesane fails to satisfy Rule 60(b)(3).

Lesane's Rule 60(b) Motion (ECF No. 152) will be denied. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion to Lesane and counsel for the United States.

Date: July 7, 2016
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge

4